# Edwin A. Landell et al., Appellants, *v.* Matthew Hamilton et al.

*Equity—Injunction—Deed—Building restriction.*

Where under a building restriction in a deed a lot enjoys the privilege of light and air from a second lot, and the owner of the first lot erects a solid division wall cutting himself off from light and air, and maintains such a wall for a long period of years, he cannot enjoin the owner of the second lot from erecting a building to the height of such wall.

Where under a building restriction in a deed the middle one of three lots in a row owes a servitude of light and air to each of the adjoining lots, the owner of neither of the adjoining lots can by his independent act or deed relinquish the subserviency of the middle lot so as to affect the other.

The middle one of three lots in a row owed a servitude of light and air to the adjoining lots under a restriction in a deed which prevented the owner of the middle lot from building higher than ten feet from the ground. The owner of one of the adjoining lots built a solid division wall higher than ten feet from the ground. The owner of the other adjoining lot built a similar wall higher than ten feet from the ground, but less in height than the other wall. Both walls were maintained for many years. *Held,* that the court would not enjoin the owner of the middle lot from building to a height equal to the height of the lower of the two division walls.

Argued May 27, 1896. Appeal, No. 202, Jan. T., 1895, by plaintiffs, from decree of C. P. Phila. Co., Sept. T., 1895, No. 551, on bill in equity. Before STERRETT, C. J., GREEN, WILLIAMS, DEAN and FELL, JJ. Decree modified.

Petition on the part of appellees for reargument.
The facts appear in Landell v. Hamilton, 175 Pa. 327.

*John G. Johnson,* with him *Julius C. Levi,* for petitioners.

*Henry K. Fox,* with him *Chas. C. Lister,* for respondents.

OPINION BY MR. JUSTICE DEAN, July 15, 1896 :
At the first hearing in this case, both in oral argument and on the paper-books, the case turned on but a single question, viz, whether the restriction as to building placed by the original grantor on lot No. 1208, in favor of lots 1206 and 1210, was

perpetual, or whether it ended with the existence of the house
then upon the middle lot. After a careful consideration, we
decided the restriction was continuing, and directed that an in-
junction issue in conformity to the prayer of the petitioner.
The effect of this was to restrain defendants from putting any
building on 1208 to the rear of the house upon it in 1832 higher
than ten feet from the surface of the lot.

The defendants then petitioned the court for a modification
of the decree, for the reason, that even if the judgment of the
court that the restriction was a continuing one were well
founded, the plaintiffs, by their own acts, had relinquished the
right to assert it to the full extent set out in Hause's deed of
1832. The case is fully reported: Landell et al. v. Hamilton
et al., 175 Pa. 327.

The court ordered a reargument only on the question as to
whether the decree should be modified, and if so, to what extent.
This reargument was heard on the 27th of May, 1896.

As will be noticed in the reported case, Landell's lot is 1206,
the eastern one; the defendant's, 1208, the middle one; and
Allen's, 1210, the western one. It now appears, on reargument,
that as to Landell's lot, either he or his grantors, years prior to
the filing of the bill to restrain defendants, had built a solid wall,
seventeen feet high, from the rear of the old building on 1208
south towards Sansom street, a distance of not quite nineteen
feet, and then continued the same kind of wall at the height of
twelve feet, thirty-seven feet further. The defendant calls this
a party wall; there is no evidence that it is such, or was so in-
tended by the builder, except that it extends over the line of
1206 and rests partly on 1208. The character of the structure,
twelve feet in height for thirty-seven feet in length, and then
seventeen feet high for about nineteen feet, rebuts the inference
that it was ever intended as a party wall in the legal significa-
tion of that term, to be used by both lot owners for building
purposes. The most that can be said for it on the evidence is
that it was a partition or division wall, the same as a partition
fence dividing the two lots. It may have been a trespass on
1208 to the extent it rests on that lot; if so, the owner or own-
ers submitted to it; but by their submission they acquired no
right inconsistent with the restriction imposed upon the middle
lot by the covenant in the deed. The right to a party wall is

statutory. It is not a right to at any time and in any manner use the land of another. One of two adjoining owners, for building purposes, may, subject to limitations consistent with the right of each, encroach upon his neighbor with a party wall. But, manifestly, this was no such structure, and conferred on defendants' no right to assume it absolutely terminated the restriction in favor of the Landell lot. · For even if a party wall, at most it gave the middle lot owner the right to use it as a party wall to the height of ten feet, the limit of the restriction.

But the wall was solid to the height and length it was built. The purpose of the restriction was to afford light and air to 1206, and the extent of the enjoyment was measured by the extent of the restriction on 1208. That restriction was, no building or part of a building should be added to the house upon the lot to the rear higher than ten feet from the surface of the lot. But Landell or his grantors themselves erect a solid wall along the line of 1206 and 1208, fifty-six feet in length from the rear of the old building on the middle lot, through which neither light nor air could penetrate. By their own act plaintiffs have said, for nineteen feet we do not ask for light and air, except at the height of seventeen feet, and for thirty-seven feet further we do not ask for either, except at the height of twelve feet. Clearly equity will not compel defendants to award to plaintiffs that which by their own distinct and unequivocal act they have declared is valueless to them.

It is alleged now the ownership of plaintiff to 1206 does not extend to Sansom street, but only one hundred and forty-nine feet from Chestnut, leaving about eighty-six feet to which the injunction should not apply. To this it is replied, the bill alleges and the answer admits, plaintiffs, Landell et al., own back to Sansom street, and there is no proof to the contrary. So far as we can discover from the pleadings and proofs the title of Landell et al., or any part of it, is nowhere disputed; therefore we can make no modification of the decree in this particular.

The restriction here, by the covenants in the original deeds, renders it impossible to make such modification of the original decree as will preserve the apparent right of defendant as against each of these parties. The middle lot is servient to both the eastern and western; but the owner of neither the

eastern nor western can, by his independent act or deed, relinquish that subserviency so as to affect the other. Here the owner of 1206 has declared that for nineteen feet light and air from 1208 are valueless to him below a height of seventeen feet, and for thirty-seven feet further they are valueless below twelve feet; thus, for a distance of fifty-six feet waiving the strict terms of the restriction. The owner of 1210 has also waived the restriction by building his wall fifty-six feet to a height of thirteen feet nine inches. We cannot say, because the one waived the restriction for nineteen feet to the height of seventeen feet, therefore the other did so too; or because one waived it for thirty-seven feet to the height of thirteen feet nine inches, therefore the other is bound, when by his own act he only waived to a height of twelve feet for that distance. As we have said, neither could, by his independent act or deed, affect the right of the other. But it seems to us the correct conclusion is that, to the full extent they have equally gone in dispensing with the restriction, both can in equity be made subject to our decree.

Therefore, we modify the original decree so that it shall not operate to restrain defendants from building to a height of thirteen feet nine inches, for a distance of nineteen feet from the rear of the old main building of the middle lot. Further, from the end of the nineteen feet thus specified it shall not operate to restrain defendants from building to a height of twelve feet from the ground for a further distance of thirty-seven feet.

The costs of this case to be taxed as part of the original decree.