## Englander *v.* Apfelbaum, Appellant.

*Equity—Building restriction—Bulk windows—Going into equity with clean hands—Deed.*

1. Where in a suit in equity it appears that a deed executed in 1841 contained a building restriction which involved a prohibition of bulk windows in front of buildings which might be constructed on the land, and it also appears that more than twenty years prior to the filing of the bill four stores had been built on the land, each with a bulk window to the first floor, and that plaintiff and defendant owned two of these buildings adjoining, the plaintiff has a standing in equity to enjoin the defendant from adding a bulk window to the second and third floors in remodelling his building.

2. In such a case the doctrine that he who comes into equity must do so with clean hands, has no application, inasmuch as the doctrine only applies to the plaintiff's willful misconduct in regard to the very matter in litigation. The fact that the plaintiff maintained in common with the defendant and the other owners a bulk window on the first floor will not bar him from invoking the jurisdiction of equity to restrain the defendant from a further or different encroachment. such as the addition of bulk windows to the second and third floors.

Argued Oct. 14, 1913.   Appeal, No. 57, Oct. T., 1913, by defendants, from decree of C. P. No. 1, Phila. Co., June T., 1912, No. 4,973, on bill in equity in case of Bernhard Englander and Therese Englander v. Sigmund Apfelbaum and Solomon C. Kraus.   Before RICE, P. J., HENDERSON, MORRISON, HEAD and PORTER, JJ. Affirmed.

Bill in equity for an injunction.
     VOL. LVI—10

MAGILL, J., filed the following opinion:

This case came on to be heard September 18, 1912, on bill, answer, replication and proofs.

A motion 'for a preliminary injunction had been previously heard August 27, 1912, and the preliminary injunction was then allowed. At the hearing of September 18, 1912, it was agreed between counsel that the testimony taken in support of the motion for preliminary injunction should be considered as if taken on final hearing.

From the pleadings and the testimony we find the following facts:

1. Plaintiffs are the owners of a certain lot of ground with a' three-story brick building thereon erected, situate on the east side of Eighth street a distance of seventeen feet, eight inches north of South street, Philadelphia. Containing in front on Eighth street, seventeen feet, eight inches in depth of that width, 108 feet.

2. The defendants are the owners of a lot or piece of ground with a three-story brick building thereon erected, situate on the northeast corner of Eighth and South streets, Philadelphia. Containing in front seventeen feet, eight inches and in depth of that width along the north side of South street, 108 feet.

3. The property of the defendants adjoins that of the plaintiffs to the southward.

4. In 1841, Thomas B. Pritchard, being the owner of a tract of land on the east side of Eighth street, and including both the property of the plaintiffs and of the defendants, as well as other properties to the northward, did, on March 19, 1841, convey to Thomas M. Linnard, the tract or lot of ground now owned by the plaintiffs, and to Michael Ericsson the lot or piece of ground now owned by the defendants, and of which said several lots or pieces of ground the plaintiffs or defendants have become the respective owners by various mesne conveyances.

5. The several deeds made by Pritchard, and including

the deeds made to the predecessors in title of plaintiffs and of the defendants, contain the following restriction: "Under this express agreement and restriction, that no building or obstruction whatever other than steps, cellar doors and railings shall at any time hereafter be put or placed on the westernmost five feet of the hereby granted lot."

6. The plaintiffs derived title to the lot of ground by deed from Ella May Schively and others, trustees, dated April 26, 1905, duly recorded.

The defendant, Sigmund Apfelbaum, obtained title to his lot of ground by deed of Joseph Gilfillan, sheriff, dated December 27, 1910, and subsequently conveyed to Solomon C. Kraus, the other defendant, an undivided interest therein.

7. The property of the plaintiffs, being No. 525 South Eighth street, is used as a real estate office on the first floor front, and plaintiffs reside with their family in the dwelling or upper portion of the building. The property of the defendants, being No. 527 South Eighth street, is used as a place of business, having a shoe store on the first floor, and a restaurant on the second. Both of said properties are three stories in height. The properties Nos. 521 and 523 South Eighth street, adjoining the plaintiffs' property to the north, are also used for business purposes.

8. Plaintiffs have lived with their family and conducted business in the property of which they are now the owners, for the past nineteen years. At that time, namely, nineteen years ago, all of the properties, Nos. 521, 523, 525 and 527 South Eighth street, including those of the plaintiffs and of the defendants, had bulk or show windows on the first floor extending westward from the face wall of the buildings, and beyond the restricted line of five feet named in the restrictions in the deeds above referred to, for a distance of sixteen inches at the base, and twenty-eight inches at the cornice of said bulk windows. According to the testimony of

Mr. Englander, one of the plaintiffs, these bulk windows existed on all the properties mentioned at the time he moved into the building No. 525 South Eighth street, and at that time had the appearance of having been built many years before. It would thus appear that the bulk or show windows had been built either in the original operation by the owner of all the several tracts of ground, or subsequently by mutual consent, or without objection of the several owners.

9. Shortly before the filing of the bill in this case, on August 14, 1912, the defendants tore out and removed the front or Eighth street wall of their building with an intention of remodelling and reconstructing the same. While this work was in progress, the plaintiffs, having acquired knowledge of the fact that defendants intended to reconstruct the front of their building with bay windows or bulk windows in the second and third story thereof, which would extend beyond the restricted line of five feet, gave notice to defendants that they, the plaintiffs, would object to their so doing. Disregarding this notice the defendants proceeded with the work of constructing bay windows in the upper stories of the building, and thereupon a preliminary injunction was granted by the court on bill filed by the plaintiffs.

10. As the defendants propose reconstructing the front of their building, it would contain in the second and third stories thereof a bulk or bay window extending across substantially the whole front of the building, and westward for a distance of from twelve to fourteen inches beyond the defendants' wall or house-line, and to that extent encroach upon the five feet mentioned in the restrictions of the several deeds. These windows or extensions would be framed in wood, covered by galvanized iron, inclosed by glass.

Upon the facts as above stated, and which are not in dispute, it is contended by counsel for defendants that there is no right on the part of plaintiffs arising from the character of the restriction in the deeds to insist

upon the enforcement of said restriction, and moreover that the plaintiffs or their predecessors in title, having violated the restriction by the construction of the bulk or show window on the first floor of their property, the plaintiffs are not entitled to equitable relief to enforce the restriction contained in the deed to defendants' predecessor in title.

From the facts as above found, we conclude as matter of law:

First: That the restrictions contained in the deeds from Pritchard to the predecessors in title of plaintiffs and of defendants, were valid and made for a lawful purpose.

Second: That both the plaintiffs and the defendants took title to their respective properties subject to said restrictions.

Third: That the construction by the defendants of the bulk or bay windows as above described, would extend beyond the restricted line, and would constitute a "building or obstruction," within the meaning and contemplation of the restriction in the deeds.

Fourth: That the construction of bulk or show windows to the height of the first floor of the property of the plaintiffs as well as of the property of the defendants and other properties adjoining the plaintiffs to the north, having been made many years ago, and having continued uninterruptedly and without apparent objection, must be considered as having been done by mutual consent and approval of the several owners of said properties, and a waiver to that extent on the part of all of them of the breach of the restriction imposed by their several deeds.

Fifth: That such waiver of the breach of the condition does not extend beyond the bulk window encroachment to the height of the first floor of the several buildings.

Sixth: The plaintiffs are entitled to an observance by the defendants of the restriction against encroachment contained in the deed of defendants' predecessors in title.

150    ENGLANDER *v.* APFELBAUM, Appellant.

Opinion of Court below—Opinion of the Court.    [56 Pa. Superior Ct.

Seventh: Plaintiffs are entitled to the relief prayed in their bill to the extent that the defendants should be restrained from encroaching westward of the restricted building line above the first floor of their building.

Eighth: That a final decree should be entered in accordance with the first prayer of plaintiffs' bill with the modification indicated in the preceding paragraph.

*Error assigned* was decree entered in accordance with the opinion.

*E. Cooper Shapley,* for appellants.—One may estop himself from enforcing a restriction against an adjoining owner by himself violating the restriction: Keichline v. Horning, 189 Pa. 560.

A servitude is extinguished by any obstruction of a permanent nature by the party to whom the service is due; and being once lost it is gone forever and cannot revive: Taylor v. Hampton, 4 McCord (S. C.), 96; Corning v. Gould, 16 Wend. (N. Y.) 531; Scharer v. Pantler, 127 Mo. App. 433; Meany v. Stark, 86 Atl. Repr. 398.

A person who seeks to enforce a restrictive covenant must permit no such breach thereof as would frustrate the benefits that would otherwise accrue to the other parties: Moore v. Murphy, 89 Hun (N. Y.), 175; Lattimer v. Livermore, 72 N. Y. 174; Zelman v. Kaufherr, 73 Atl. Repr. 1048.

*Samuel Englander,* for appellees.—A case exactly in point and practically on all fours with the case at bar is that of Guthrie v. Johnson, 51 Pittsburg Legal Journal, 245. See also Anisfield v. Grossman, 98 Ill. App. 180; Sanborn v. Rice, 129 Mass. 387; Landell v. Hamilton, 175 Pa. 327; Allen v. Hamilton, 175 Pa. 339.

OPINION BY RICE, P. J., February 20, 1914:

The part of the finding of fact which was the subject of the defendants' first exception and is quoted in the

third assignment of error, should be read in connection with the preceding part of the finding which was not excepted to and is not assigned for error. It appears in that part of the finding and by the undisputed testimony, that for a period of nineteen years prior to the trial all of the properties Nos. 521, 523, 525, and 527 South Eighth street, including those of the plaintiffs and of the defendants (Nos. 525 and 527), had bulk or show windows on the first floor, extending westward from the face wall of the buildings and beyond the restricted line of five feet named in the restrictions in the deeds from Thomas B. Pritchard, for a distance of sixteen inches at the base and twenty-eight inches at the cornice of said bulk windows; also, that at the beginning of that period of nineteen years these bulk windows had the appearance of having been built many years before. It is true, as the learned counsel for the appellants says, there is no affirmative evidence that they were built by the original owner of the several lots, and the learned judge did not expressly find that they were. Nor was that fact essential to the maintenance of the bill by the plaintiffs. These bulk or show windows having existed for a period of considerably more than twenty years, the natural presumption is, in the absence of anything tending to show the contrary, that they were erected and maintained with the consent of the several owners. Certainly, after that long period of acquiescence, none of them was in position, without showing more than was shown here, to prevent the other owners from using the portion of the restricted area occupied by the windows as it had been used. In that respect they stood on an equality. But the presumption of consent goes no further than we have stated. In other words, the facts do not raise a presumption that the building restriction contained in each of the several deeds from Pritchard to the plaintiffs' and the defendants' predecessors in title, was ever wholly abrogated by common consent of the owners of the lots for the benefit of which it was im-

posed. Therefore, the right of the plaintiffs to maintain a bill to restrain the defendants from a further and a different encroachment upon the restricted area, to the injury of the former, cannot be denied upon the ground that the building restriction had been put an end to by express or implied agreement of the parties having the right so to do. Is denial of the right to maintain the bill required by a proper and just application of the maxim, that he who comes into equity must do so with clean hands? This maxim has also been expressed, "he that hath committed iniquity shall not have equity." The maxim only applies to the particular transaction under consideration, for the court will not go outside of the case for the purpose of examining the conduct of the complainant in other matters: Bispham's Eq., 7th ed., sec. 42. It must be understood to apply to willful misconduct in regard to the matter in litigation: Lewis & Nelson's App., 67 Pa. 153. The maxim means that equity refuses to lend its aid in any manner to one seeking its active interposition who has been guilty of unlawful or inequitable conduct in the matter in relation to which he seeks relief: 16 Cyc. of Law & Pro. 144. Here, the matter alleged as ground for refusing the plaintiffs relief in equity to any extent, is the fact that their bulk or show window encroaches upon the restricted area to the same extent and in the same manner as did that of the defendants. It would be plainly inequitable to restrain either party, at the instance of the other, from maintaining them. But, in view of the natural presumption that they were maintained by common consent, it would be a perversion of language to say that the plaintiffs' action in maintaining their window within the restricted area was such willful, unlawful, or inequitable conduct as bars them from invoking the jurisdiction of equity to restrain the defendants from a further and different encroachment, to their injury. Certainly, none of the authorities that have been cited go to that extent; on the contrary, the case of Landell v.

Hamilton, 177 Pa. 23, tends to support the conclusion that a bill could be maintained for such further encroachment. This is the extent to which the decree goes, and to that extent we think it is fully warranted by the evidence and the legal and equitable principles applicable to the facts deducible therefrom.

The case is so well stated in the clear and concise findings of fact and conclusions of law filed by the learned trial judge that we do not deem it necessary to add anything further thereto.

The assignments of error are overruled and the decree is affirmed at the costs of the appellants.