## Hohl et al. *v.* Modell, Appellant.

*Deeds—Building restrictions—Offensive business—Public garage —Equity—Injunction—Nuisance—Laches—Delay.*

1. Where the owner of a lot in an exclusively residence section of a city, built up with fine modern houses, holds it under a building restriction, common to the neighborhood, which provides "that there shall not be erected upon said lot......any establishment for...... any offensive business," such owner will be enjoined from building an addition to an existing garage which will increase the storage capacity of the garage from ten automobiles to twenty-four.

2. If it appears that she had maintained without objection on the lot a garage with a capacity for ten automobiles for three years, she will not be compelled to discontinue it; for he who would enforce a building restriction by injunction, must act promptly.

3. Equity may restrain, as a nuisance, the operation of a public service garage in an exclusively residence section, aside from any building restriction.

Argued March 26, 1919. Appeal, No. 292, Jan. T., 1919, by defendant, from decree of C. P. No. 3, Philadelphia Co., March T., 1918, No. 3393, awarding injunction in case of Albert K. Hohl et al. v. Bertha G. Modell et al. Before MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Bill in equity for an injunction. Before DAVIS, J.

The court awarded an injunction. Defendant appealed.

*Error assigned* was the decree awarding the injunction.

*Owen J. Roberts,* with him *William B. Gery,* for appellant, cited: Orne v. Fridenberg, 143 Pa. 487; Asbury v. Caroll, 54 Pa. Superior Ct. 97.

*Joseph P. Gaffney,* with him *Yale L. Schekter,* for appellees, cited: Pusic v. Salak, 261 Pa. 512; Menendez v. Holt, 128 U. S. 523; Hibberd v. Edwards, 235 Pa. 454; Electric City Land Imp. Co. v. West Ridge Coal Co., 187 Pa. 500; Meigs v. Milligan, 177 Pa. 66; St. Andrew's Lutheran Church's App., 67 Pa. 512.

OPINION BY MR. JUSTICE WALLING, April 28, 1919:

This bill in equity was filed by nineteen neighboring property owners, to restrain the erection and use of a building as a public garage, in violation of a building restriction and in an exclusively residence section. The bill was filed against the owner and contractor, but as only the former appealed we will refer to her (Bertha G. Modell) as the defendant. She is the owner of a double lot situated on the northeast corner of Lindley avenue and Camac street, Philadelphia, where she resides. In 1912 she built a three-car garage on the rear corner of this lot, which in 1915 she enlarged to a ten-car garage. Therein she stored her own car and rented the balance of the space for other cars. The demand for such storage space was so great that in April 1918 she began the erection of an addition forty-eight by fifty-four feet in size, and extending easterly from the former garage to Camac street, intended to accommodate fourteen additional automobiles, and to be a one-story brick building with a two-story front. This is an exclusively residence section built up with fine, modern homes, and defendant holds her property under a building restriction, common to the neighborhood, which provides, inter alia, "that there

shall not be erected upon said lot......any establishment for.......any offensive business."

The bill was filed to restrain the operation of the present garage and also the construction and operation of the proposed addition thereto, on the ground of violation of the restriction and also of nuisance. The case was heard upon bill, answer, replication and testimony. The chancellor made exhaustive findings of facts, the 9th being, "If the proposed garage is erected and operated according to the plans, there will necessarily be noises, smoke and odors. Automobiles will be passing in and out of said garage intermittently during the entire day and night; there will be pounding upon metal; replacing of tires; moving and washing of cars; adjusting of carburetors; testing of the engines at varying rates of speed, to which will be incident the continuous explosions of gasoline in the motors of varied intensity; speeding and racing of motors. These noises would occur during the day and the night, and would be heard for varying distances; depending upon the then existing conditions. The odors from the gasoline will be disagreeable and offensive. Smoke will be emitted from the motors of the automobiles in varied quantities depending upon the kind of machines, the skill of the operator, the atmospheric and other conditions, all of which would be more or less noticeable in the immediate neighborhood, and unpleasant to the persons with whom it came in contact. All of these matters would seriously interfere with the peaceful enjoyment of the plaintiffs' houses; reduce the values of their respective properties for the purpose for which they were bought, and are owned and used; increase the rates of insurance; and impose additional burdens upon the properties in the neighborhood."

The above is supported by evidence and was approved by the court below, where a final decree was entered restraining defendants from the construction and operation of the proposed addition to the garage. The chancellor also found that the ten-car garage was operated in

a manner annoying and offensive to plaintiffs, but the final decree did not restrain its operation. The defendant brought this appeal, but we find no error in the record. The chancellor found that if enlarged as proposed it would constitute a public garage, and the evidence indicates that it would have all the elements thereof except, possibly, a repair shop and an attendant. Whether permitting each occupant to have his own key and do his own repairing would add to or detract from the neighborhood annoyance, was a matter as to which witnesses differed; and the lower court's conclusion, that the (at least semipublic) garage as proposed would constitute an offensive business in violation of the building restriction, is warranted by the facts found.

There is apparently some lack of harmony in the decisions, especially of the trial courts, in this class of cases arising, doubtless, from the fact that each depends largely upon its own circumstances. However, the present case is like Hibberd v. Edwards, 235 Pa. 454, where it is held that a restriction forbidding the erection of a building for offensive purposes or occupation is broad enough to include a public garage. Such restriction will be construed strictly but enforced so long as it is of substantial value to a dominant lot. See St. Andrew's Lutheran Church's App., 67 Pa. 512; Landell et al. v. Hamilton et al., 175 Pa. 327; Meigs et al. v. Milligan, 177 Pa. 66; Electric City Land, etc., Co. v. West Ridge Coal Company, 187 Pa. 500. Equity may restrain as a nuisance the operation of a public service garage in an exclusively residence section, aside from any building restriction: Prendergast et al. v. Walls et al., 257 Pa. 547.

As the ten-car garage had been built and in operation for three years, without objection, the court below properly refused to order its discontinuance; for he who would enforce a building restriction by injunction must act promptly: Orne v. Fridenberg, 143 Pa. 487, 500. However, permitting the operation of a small garage did

not preclude plaintiffs from invoking equity to prevent the operation of a large one. See Englander v. Apfelbaum, 56 Pa. Superior Ct. 145, also Menendez v. Holt, 128 U. S. 514, 523.

The decree is affirmed and appeal dismissed at the costs of appellant.