## Phillips et al., Appellants, *v.* Dunseith et al.

*Deeds—Covenants—Building restrictions—Offensive business—Equity—Injunction.*

1. Where lots on a plan have a restriction against the operation of any noxious or offensive business, and the owners of lots stand by. for three years and make no objection to a violation of the restriction by the operation of a public garage, and then permit a new lessee of the garage to operate it for a time, they are guilty of laches.

2. If the use was increased a few months before the bill was filed, the court will so frame its decree as to restrain the enlarged or increased operation.

3. If it appears that the building had burned down, and is to be rebuilt, its owners have the right to reconstruct it and continue their garage business, but the building for garage purposes should be no larger than the former one, nor its use greater.

Argued October 20, 1920. Appeal, No. 60, Oct. T., 1920, by plaintiffs, from decree of C. P. Allegheny Co., Oct. T., 1917, No. 1344, dismissing bill in equity in case

of Henry A. Phillips and Margaret E. Phillips v. David A. Dunseith and Allegheny Auto Co.   Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ.   Bill reinstated and injunction modified.

Bill in equity for injunction.   Before WASSON, J.
The opinion of the Supreme Court states the facts.
The court dismissed the bill.   Plaintiffs appealed.

*Error assigned,* among others, was decree, quoting it.

*Gifford K. Wright,* of *Alter, Wright & Barron,* with him *Alexander C. Tener,* for appellant.

*William R. Murphy,* with him *Charles G. McIlvain,* and *Earl J. Mohn,* for appellee.

OPINION BY MR. JUSTICE KEPHART, December 31, 1920:
What has been said in the case, Phillips v. Donaldson, 269 Pa. 244, would apply to this appeal but for the laches of appellee.

In 1909 the old church building, located on Ridge avenue and referred to in the former appeal, was leased and turned into a garage, principally for storage purposes.   The lease and business changed ownership and the real estate was purchased from the church in 1912. In 1917 a new lease was made to the present tenant for a term of five years.   When the appellee, Dunseith, purchased the property, it had been used as a garage for three years.   He knew of the building restriction, but it was quite natural that he should assume the owners of dominant estates were satisfied the garage was not in violation of the covenant.   It was openly conducted in plain view of such owners without protest.   The appellants, if not having actual, had at least constructive notice of the limitation imposed, and, if they had wished

to enforce their right, nothing appears to have prevented them. After this long period of acquiescence they are not in position to restrain the use thus far made of that portion of the restricted area. The use was increased by a more active business a few months before this bill was filed. Because the garage was permitted to be conducted in a modified way would not preclude them from enforcing the restriction for the enlarged or increased operation: Hohl v. Modell, 264 Pa. 516; Landell v. Hamilton, 177 Pa. 23. The appellees, however, have the right to the continued use of the property to the extent acquired under the purchase and up to within a few months of the filing of the bill, when the use was enlarged. The appellants cannot complain of this, as they refrained too long from asserting their claim. The building burned down and is to be rebuilt. Appellees have the right to reconstruct and continue their garage business, but the building for garage uses should not be larger than the former one, nor its use greater, as we have indicated.

In this appeal the bill will be reinstated with direction to issue the preliminary injunction as prayed for, modified to permit appellees to conduct the business in the way it was done a few months before this bill was filed; the costs in this case to be equally divided between the parties.