# Boyer *v.* Schoch, Appellant.

*Equity — Injunction — Building restrictions — Use of private dwelling.*

Where a condition in a deed provided that the use of the building should be restricted to a private dwelling, the owner thereof will not be allowed to gradually change the character of the building from a residence to a place of business.

But where the changes complained against consisted of alterations, which in themselves were not objectionable, and where the owner had conducted his real estate business at his residence for some time, a decree requiring the restoration of the building to the condition in which it was when he acquired title will be modified.

Under such circumstances, a decree, prohibiting the owners to use the building for any other or additional business purposes, or using it as a place of business apart from their occupancy of the dwelling, is proper.

Argued December 11, 1923. Appeal, No. 317, Oct. T., 1923, by defendants, from final decree of Municipal Court, Phila. Co., May T., 1922, No. 343, sitting in equity, in the case of Pauline M. Boyer v. LeRoy Schoch and Elizabeth M. Schoch. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Modified.

Bill in equity to enjoin violation of a building restriction. Before KNOWLES, J.

The facts are stated in the opinion of the Superior Court.

The court issued the following decree:

"And now, the 24th day of September, A. D. 1923, this case came on to be heard at this term and was argued by counsel and thereupon, upon consideration thereof, it is ordered, adjudged and decreed as follows:

1. That the defendants, LeRoy Schoch and Elizabeth M. Schoch, his wife, their servants, agents or employees be and they are hereby enjoined and restricted from

altering or changing premises known as and situate at No. 6001 West Oxford Street in the County of Philadelphia and Commonwealth of Pennsylvania belonging to them, the said LeRoy Schoch and Elizabeth M. Schoch, his wife, the defendants, from the condition in which said premises were at the time when the title was acquired by said defendants which alterations are or may be in violation of the restrictions in their chain of title.

2. That the defendants, LeRoy Schoch and Elizabeth M. Schoch, his wife, their servants, agents or employees be and they are hereby ordered and directed, within thirty days from the date of this decree, to restore the premises 6001 West Oxford Street in the City of Philadelphia and Commonwealth of Pennsylvania, to the condition in which said premises were at the time when title was acquired by said defendants.

3. That the said LeRoy Schoch and Elizabeth M. Schoch, shall, within thirty days from the date of the delivery of this decree, remove or cause to be removed, any alteration, change or erection on the said premises in violation of the restriction contained in the chain of title to the said LeRoy Schoch and Elizabeth M. Schoch.

4. It is further ordered and decreed that the defendants, LeRoy Schoch and Elizabeth M. Schoch, shall pay the cost of these proceedings.

*Error assigned* was, among others, the decree of the court.

*Owen J. Roberts,* and with him *George G. Chandler,* and *J. Arthur Ewing,* for appellants.—The building restriction was not violated by the defendants: Binswanger v. Hyman, 271 Pa. 296; DeSanno v. Earl, 273 Pa. 265; Smyth v. McCarrell, 76 Pa. Superior Ct. 142; Hoffman, et al., v. Parker, et al., 239 Pa. 398; Rabinowitz, et al., v. Rosen, et al., 269 Pa. 482.

*F. Carroll Fow,* and *Nathan Griffith,* for appellee.

OPINION BY KELLER, J., February 29, 1924:

The building restriction in appellants' deed provides, inter alia, that there shall not be erected on the lot of ground conveyed thereby any building or buildings for offensive use or occupation; that the building to be erected thereon shall be none other than a private dwelling; that no building to be erected thereon shall at any time thereafter forever be altered, changed into or used for any purpose other than above designated. Defendants have for several years occupied the house erected on said lot as a dwelling and during that time LeRoy Schoch, the husband, has, without objection, conducted his business as a real estate agent and notary public there, using part of the basement along 60th Street as an office for that purpose. In the spring of 1922 certain alterations were made to the basement for the purpose of making the office more commodious and convenient. The decree of the court below requires appellants to remove these alterations and restore the basement to the condition it was in when they acquired title.

There is nothing in the alterations, per se, which is incompatible with their use as a part of the dwelling; they are not such as necessarily set the basement apart as a business place or prevent its use for dwelling purposes. If the defendants had seen fit to partition off a room in the basement from the laundry and heater, floor and ceil it, convert one window into a street door and change two other small windows into one large plate glass window, intending to use it as a basement dining room, a billiard or recreation room, or for any other purpose connected with their use of the house as a private dwelling, no one could have complained. The alterations themselves are not a breach of the building restriction. It is their use which may prove so. It is not necessary for us to decide whether the use of the basement by the appellants for three years as a real estate office, while they were occu-

pying the rest of the building as a private dwelling, was a violation of the restriction in the deed, for after this lapse of time they will not be disturbed in such use in connection with their dwelling: Hohl v. Modell, 264 Pa. 516; Phillips v. Dunseith, 269 Pa. 251. But on the other hand they must not by gradual encroachments, after the manner of the camel in the fable, change the character of the building from a residence to a business place.

The decree, in our opinion, goes too far, for it requires the removal of alterations and improvements which are not in themselves objectionable, but which may become so if used in such a way as to contravene the restriction in the deed.

It should be modified, so as not to require the defendants to restore the basement to the condition it was in before, nor prevent them from using it as they had previously, in the conduct of the real estate and notary business in connection with their occupation of the rest of the house as a dwelling, but so as to restrain them from devoting it to any other or additional business use or using it as a place of business apart from their occupancy of the dwelling: Hohl v. Modell, supra; Phillips v. Dunseith, supra; Landell v. Hamilton, 177 Pa. 23.

The decree is modified accordingly and it is ordered, adjudged and decreed that the defendants, LeRoy Schoch and Elizabeth M. Schoch, be enjoined and restrained from making any further changes or alterations to the premises No. 6001 Oxford Street, Philadelphia, designed to convert said premises from a private dwelling into a business place; and also from making use of said premises other than as a private dwelling house and a real estate and notary office in connection with their dwelling; and from using the said premises to any greater extent as a business place, or for any other purpose, than as now used and occupied. The costs in the case to be equally divided between the parties.