## Whealen et al. v. Satz et al.

*Automobiles—Garage in residential district—Nuisance—Building restriction—Injunction.*

1. A building restriction in an exclusively residential section of the city, built up with substantial modern houses, which prohibits the establishment of any offensive business, applies to the use of one of the properties affected by such restriction as a public garage.

2. Such use, at the instance of the owners of properties in the neighborhood, will be enjoined.

Rule for preliminary injunction. C. P. No. 5, Phila. Co., June T., 1924, No. 4079, in Equity.

*D. A. Rahilly* and *E. W. Lank*, for plaintiffs.

MARTIN, P. J., July 7, 1924.—Defendants own ground situated on the east side of Hutchinson Street, at the distance of 92 feet 6 inches northwardly from the north side of Duncannon Avenue, containing in front on Hutchinson Street 75 feet and extending in depth eastwardly between lines parallel to Duncannon Avenue 160 feet 10½ inches to Ninth Street. The property is subject to a restriction that there shall not be erected on the lot or any part of it an establishment for any offensive business.

Defendants have obtained a permit and are proceeding to erect a public service garage to accommodate seventy automobiles.

Complainants are the owners and occupiers of dwelling-houses on Hutchinson Street, which is 30 feet wide. They have filed the bill in equity in this case praying that defendants be restrained, preliminarily until hearing and perpetually thereafter, from erecting a public service garage.

A rule was granted requiring defendants to show cause why a preliminary injunction should not issue. Testimony was taken, and the properties owned by the parties and the surrounding neighborhood were visited by the court.

Hutchinson Street is occupied exclusively by two-story dwelling-houses on the side of the street opposite to the location of the proposed garage. Duncannon Avenue, the thoroughfare nearest on the south, is occupied exclusively by private residences. Fishers Avenue, the next street north, is also occupied on the north side exclusively by private residences. The south side bounds the vacant lot north of defendant's property.

The block of ground bounded on the east by Ninth Street, west by Hutchinson Street and north by Fishers Avenue, in which the property of defendants is located, is occupied on the south by residences, the back yards of which adjoin defendants' lot. The northern part of the block is an open lot, unimproved, but in the market for sale. Ninth Street, which bounds defendants' property on the east, is unopened, and the land to the eastward is unimproved as far as Fifth Street. The nearest public garage is about two blocks from the property of defendants, at the northeast corner of Eighth Street and Lindley Avenue. Upon the land to the east of Ninth Street there is a brickyard and an old manufacturing establishment, which, it is apparent, were established many years before the course of city improvements reached this neighborhood. There is a large public school two blocks to the south. All the surrounding property, north, south and west, is closely built up with high-class private residences, several of which have private garages, and it is a purely residential section. At the southwest corner of Fishers Avenue and Duncannon Avenue there is a dwelling-house with a drug store on the first floor, and on the east side of Hutchinson Street, south of Duncannon Avenue,

there are two dwelling-houses constructed for stores on the first floor, but these are not of a character to change the neighborhood from residential.

The restriction in defendants' deed is broad enough to include a public garage: Hibberd v. Edwards, 235 Pa. 454. There was testimony at the hearing that the operation of the proposed garage would result in noises at night and at all hours, smoke and odors, which in summer-time get into the houses and are very obnoxious, and there is no restriction upon automobiles passing in and out of the garage during the day and night; that there will be replacing of tires, and the plans in evidence show a stand for washing cars. Unpleasant conditions to persons in the neighborhood will be established which will interfere with the peaceful enjoyment of complainants' houses and reduce the values of their properties.

It was stated that Ninth Street would be the end of the garage that would be in general use, but the plan in evidence shows two large doors on Hutchinson Street and only one door on Ninth Street, which is neither opened, graded or paved. The proposed location of the garage is within an exclusively residential section of the city, built up with substantial modern houses, and defendants, in common with their neighbors, are subject to a building restriction which prohibits an establishment for any offensive business.

The allegations of the bill of complaint are sustained by the evidence as to the residential character of the neighborhood, that the maintenance and operation of a public garage in this location will be a nuisance and in conflict with the restriction in defendants' deed.

The rule for an injunction should be made absolute: Hohl et al. v. Modell, 264 Pa. 516.

And now, to wit, July 7, 1924, it is ordered and decreed that the rule granted to show cause why a preliminary injunction should not issue be made absolute, and that defendants be restrained from erecting and maintaining a public service garage on the premises described in the bill. Security to be entered in the sum of $1000.