## Hogan v. Rose et al.

*J. V. Somers* and *R. Levin*, for plaintiff; *J. R. K. Scott*, for defendant.

STERN, P. J., Aug. 2, 1930.—One of the restrictions in the deed of the defendant Rose and the other property owners similarly circumstanced is that "the buildings to be erected upon the said lots or pieces of ground or any part or parts thereof shall be none other than private dwelling houses. . . ." Another restriction is that "no building or buildings to be erected thereon shall at any time hereafter forever be altered, changed into or used for any purpose other than as above designated."

It would seem obvious that the second restriction substantially adds to the first one. The first one relates primarily to the architectural or physical nature of the buildings, that is to say, their construction is to be that of private dwelling houses; but after the dwelling houses are thus erected the second restriction applies, namely, that such buildings are not to be altered or *used* for any purpose other than "as above designated," that is to say, as private dwelling houses.

The alteration and addition which the defendant Rose proposes to make to his building is not a violation of the first restriction, because from the physical or construction standpoint the building will still be one that may properly be called a private dwelling house, but as to the second restriction the case would seem to be different. When the restriction provides that no such building is to be used for any purpose other than as a private dwelling house it obviously means that no part of it should be so used; for otherwise if only one room were used for dwelling house purposes the rest of the building could be used for other purposes, which would be a manifest absurdity.

The question in the present case, therefore, resolves itself to this: If the defendant Rose be allowed to use the proposed addition to his property as a suite for dental offices, is such use of such part of his building a use for a purpose other than that of a private dwelling house?

In the opinion of the court, using the new addition to the building for purposes of professional practice as a dentist would not be a use for the purposes of a private dwelling house. It is true, as above pointed out—and this distinction must be kept in mind, for it aids in clarifying the authorities which have been cited on this subject—that the building as a building, that is to say, as a physical structure, would still remain of the nature of a private dwelling house, but part of it would be devoted to a use other than for such purpose. Use as a private dwelling house means use by way of living, eating, sleeping and enjoying the various intellectual and social diversions incident to private family life. The practice of a profession, however, is, in part at least, for the purpose of gain. It is similar in that respect to the carrying on of a business or trade. It is no answer to say that doctors, lawyers and dentists frequently conduct their offices in their homes. To the extent to which they do this (at least habitually, regularly and continually), they are using part of their dwelling houses for other than dwelling house purposes.

Suppose a dentist were to carry on his profession in a suite of offices in a professional office building. In such case it is clear that he would not be occupying such offices for dwelling house purposes. If, then, he transferred his work from such offices to his dwelling house, in other words, simply transferred the offices in the office building to offices in his home, it would follow that he would not be using the part of his house in which he thus conducted his professional work for dwelling house purposes.

If the tenant of a house ran a store therein with a bulk window front, the building itself could not be classed as a private dwelling house. If he abolished the store front and made the house architecturally a dwelling house, but, nevertheless, habitually sold merchandise in one of the rooms of the house, then, while the house would still be a private dwelling house in the physical sense, part of it would be devoted to a purpose other than that of a private dwelling.

All of these arguments would seem to apply a fortiori in the present case, where a large part of the basement will be occupied as a real estate office and the additional part by the defendant Rose as a dentist's office. Nor would it seem to be of particular significance that the defendant Rose will occupy a room in the upper floors and will dwell therein, because, whether the upper floors be used for dwelling house purposes for himself or for his tenant or for both, the fact still remains that the basement would be devoted to a purpose other than that of a private dwelling house.

Even if this viewpoint be found to be inconclusive upon final hearing and consideration, it would seem sufficiently compelling to require the entry at this time of a preliminary decree pending the final adjudication of the facts and law of the case.

It was argued by defendants that an injunction could be issued only against the use and not against the actual construction of the addition to the building. The restriction, however, provides not only that the building cannot be used for any purpose other than that of a private dwelling house, but that it cannot be altered for any other purpose, and, therefore, the alteration for an improper purpose is as much prohibited as the actual use for such improper purpose.

258

It was also argued by defendants that, since the basement as it now exists was used for a period of time as a doctor's office, and now as a real estate office, there has been such laches or acquiescence on the part of the plaintiff that no such injunction should issue. This contention would seem to be sound as against the defendants, Benjamin Cobrin & Company, Inc., and Leon Cobrin, who occupy the basement as a real estate office. No mandatory injunction could issue on a preliminary hearing to oust them from such occupancy. The case is different, however, as to the defendant Rose, who is now proposing to build a substantial addition to the basement and to occupy it for a new, and, as the court concludes, a prohibited purpose. Acquiescence in the violation of a restriction will not prevent insistence upon the enforcement of the restriction as against an additional or enlarged breach: Hohl v. Modell, 264 Pa. 516; Phillips v. Dunseith, 269 Pa. 251.

The court, therefore, enters the following

### Decree.

And now, to wit, Aug. 2, 1930, hearing having been had upon the application for a preliminary injunction, it is ordered, adjudged and decreed that the defendant, Jacob N. Rose, his heirs and assigns, and their and each of their agents, servants and employees, be and they are hereby restrained and enjoined until final hearing, or until further order of the court, from constructing on the lot of ground at the southwesterly corner of 54th Street and Lebanon Avenue, said premises being known as No. 5400 Lebanon Avenue, in the City of Philadelphia, any addition or alteration to the present structure thereon for the purpose of using or permitting to be used said alteration or addition for any purpose other than as a private dwelling house, and more particularly as a dentist's office. The plaintiff to file a bond in the sum of $1000.