## Hitchner et ux. v. Gustainis et al.

*Paul R. Selecky*, for petitioners.

FLANNERY, J., January, 1946.—Edgar N. Hitchner and Nellie C. Hitchner, his wife, plaintiffs, agreed with George Gustainis and Constance Gustainis, his wife, to convey to them a home and four lots in Exeter Town-

ship, Luzerne County, Pa., on a plot of lots known as that of the Rivercliffe Land Company.

The chain of title revealed that the lots were subject to a building restriction forbidding any "building or buildings within 50 feet of the main road", with the further provision that "in case any term or terms herein expressed are not complied with, then the amount paid as consideration herein shall be forfeited and considered as rental paid for the use of this land, and the title thereto shall revert back to the grantors herein".

The undisputed facts are that the home and garage built on these lots are less than 50 feet from the main road and defendants, the proposed grantees, aver that this violation of the building restriction has caused a reverter back to the grantors.

It will be of interest to note that the house, which is the subject of these proceedings, was built in approximately 1912 and the garage was built in approximately 1922. They were built with the knowledge, acquiescence, and even with the assistance of the owners of the Rivercliffe Land Company, original grantor and author of the restriction, as was testified to by Mr. Bert W. Tennant, one of its owners and incorporators.

It will also be noted that when the restrictive clause was first used, horse-drawn traffic was the rule rather than the exception and there were barns on the rear of these lots reached by a road running along the back constructed by the Rivercliffe Land Company. The lots slant upward sharply from the main highway back to the land company road which road, since the advent of the motor car, has been abandoned. The rise is so abrupt that an automobile cannot ascend to the rear of these lots. Garages in the back would, therefore, be inaccessible. Hence their location close to and along the highway.

The question we are called upon to decide here, via petition for a declaratory judgment, affects only the

lots involved in the proposed transfer and the possibility of their reverter by reason of the structure admittedly built less than 50 feet from the said highway.

But the original grantors by their associate, Bert W. Tennant, active in the promotion, assisted in placing these structures as they are on the lots under consideration. And they have remained in this position for a long period of time, the house approximately 34 years and the garage approximately 24 years. Are not the original owners estopped from raising the question? Not only did they acquiesce in the violation but they, acting through their duly authorized associate, Bert W. Tennant, assisted in building the structures in violation of the restriction. They cannot now be heard in equity to question that in which they took an active part.

If the principle of estoppel were not sufficient to defeat their purpose, the original owners by their long continued delay in asserting their right to reverter are guilty of laches and have lost that right. There has been such a want of diligence that they will not now be heard: Orne v. Fridenberg et al., 143 Pa. 487; Phillips et al. v. Dunseith et al., 269 Pa. 251.

It is doubtful if the restriction contained in the original deed was intended for the benefit of the grantors, alone, nor for the benefit of the adjoining lots only, but rather it was part of a general plan of development of the whole property and ordinarily such restrictions would be enforcible by the subsequent owners in the line of title against one another. Drucker v. Russell, 279 Pa. 443; Adams et al. v. Field et al., 297 Pa. 247; Benner et al. v. Tacony Athletic Assn. et al., 328 Pa. 577.

But equity will not enjoin the breach of a restriction or a condition imposed as part of a general plan for the benefit of a locality if the original plan has been abandoned or the right waived. Curtis et al. v. Rubin et al., 91 N. E. (Ill.) 84; Duncan, Trustee, and Others

v. Central Passenger R. Co., 4 S. W. (Ky.) .228. Nor. will equity interfere where there has been such a change in the character of the neighborhood as to defeat the object and purposes of the agreement of the restriction rendering it inequitable to deprive the owner of the privilege of using his property in keeping with the customs of the time: The Trustees of Columbia College, in the City of New York v. Thacher, 87 N. Y. 311.

A restriction designed to serve the convenience of the horse and buggy, which is the case at bar, cannot in a new age be so invoked as to deprive the owner of the conveniences of a motor vehicle. Where a covenant has ceased to be of any value, equity will not lend aid to its enforcement: Orne v. Fridenberg et al., supra; Hunter v. Wood, 277 Pa. 150; Henry v. Eves et al., 306 Pa. 250.

On hearing and argument on the petition for a declaratory judgment, the relief prayed for is granted and it is hereby ordered and decree that Edgar M. Hitchner and Nellie C. Hitchner, his wife, plaintiffs, obtained a good and marketable title to the premises described in their deed and which is the subject of this litigation; that the grantors and the adjoining land owners, for the reasons hereinbefore set forth, are without right in equity to enforce the said building restrictions generally without showing some special circumstances not herein considered and the title to said plaintiffs being good and marketable, it is further ordered and decreed that George Gustainis and Constance Gustainis, his wife, shall perform the covenants undertaken by them in their oral agreement with the plaintiffs, as evidenced by the written receipt attached to petition for declaratory judgment and marked "Exhibit A", and shall pay the balance of the purchase price, which balance is $500, to plaintiffs, which deed shall not contain the restriction and possibility of reverter herein referred to.