# Catts *v.* Catts, Appellant.

*Divorce—Setting aside decree—After-discovered evidence—Discretion of court—Appeals.*

The refusal of the court to open a final decree in divorce on the ground of after-discovered testimony so as to give the respondent an opportunity to contradict a witness who had testified in behalf of the libelant, will not be reversed in the absence of anything to show an abuse of the sound discretion of the court below.

Where a decree in divorce was set aside on the ground that there was doubt as to whether the rule for final decree had been served on the re-

spondent and this action of the court was reversed on appeal, and thereafter the respondent applied to reopen the case for the purpose of offering after-discovered testimony, and this application is refused and a second appeal is taken, the respondent cannot on the second appeal, and after the time for an appeal from the original proceeding had expired, allege that the evidence in the original proceeding was not sufficient to support the decree.

Argued Oct. 14, 1908. Appeal, No. 74, Oct. T., 1908, by defendant, from decree of C. P. No. 1, Phila. Co., Sept. T., 1904, No. 239, refusing to open a final decree in divorce in case of Robert M. Catts v. Ola J. Catts. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY and HEAD, JJ. Affirmed.

Petition for final decree in divorce. Before BRÉGY, P. J.
The opinion of the Superior Court states the case.

*Error assigned* was decree refusing to open final decree in divorce.

*Charles Hunsicker,* with him *Joseph W. Hunsicker,* for appellant.—The order opening the decree in divorce having only been reversed, the case stood open and the respondent had a right to proceed de novo just as in the case of a nonsuit, where the plaintiff has a right to bring a new action: Catts v. Catts, 35 Pa. Superior Ct. 293; Spees v. Boggs, 204 Pa. 504.

The respondent also had a right to take an appeal within six months from the entry by the Superior Court of the judgment of reversal, because, having won below, she was not hurt until after that judgment was entered, and to assign any error which the court below made in the original matter. This she now does by her fourth assignment of error, her appeal having been taken May 5, 1908, within the six months: Act of March 22, 1850, P. L. 230, sec. 2; 1 P. & L. Dig., col. 132, sec. 17; Ormsby v. Ihmsen, 34 Pa. 462; Gates v. Penna. R. R. Co., 154 Pa. 566; Hughes v. Miller, 192 Pa. 365.

*Reuben Levi,* with him *Daniel J. Shern,* for appellee.—It was within the sound discretion of the court to refuse to open the

decree: Gazzam v. Reading, 202 Pa. 231; McNeile v. Cridland, 6 Pa. Superior Ct. 428; Koch v. Biesecker, 7 Pa. Superior Ct. 37; Reno v. Shallenberger, 8 Pa. Superior Ct. 436; O'Donnell v. Flanigan, 9 Pa. Superior Ct. 136; Dean v. Munhall, 11 Pa. Superior Ct. 69.

In support of the contention that the appellant should have appealed from the decree of divorce of the lower court within a period of six months thereafter, and not wait until his laches preclude him, we submit the case of Spees v. Boggs, 204 Pa. 504; Pennington v. Pennington, 10 Phila. 22; Fay v. Fay, 27 Pa. Superior Ct. 328; Barnsdall v. Barnsdall, 171 Pa. 625.

OPINION BY HENDERSON, J., December 7, 1908:

The plaintiff obtained a decree of divorce against the appellant April 3, 1905, in the court of common pleas No. 1 of Philadelphia county. On March 8, 1907, the respondent in that proceeding presented a petition to the court asking that the decree be opened and the petitioner granted leave to file an answer and make defense. On March 26th of the same year an answer was filed and testimony taken before the court. The grounds set forth in that petition were that the respondent neither had notice of the meeting to take testimony before the master nor of the rule for final decree; and that the testimony taken before the master, on which the decree was entered, was not true. Two of the judges of the court heard the witnesses on the rule granted on this petition. They limited the inquiry, however, to evidence bearing on the regularity of the proceeding leading up to the decree of divorce. On the evidence thus taken the court determined that there was doubt as to whether the rule for final decree was served on the respondent, and the decree was therefore set aside. This action of the court was reversed on an appeal by the complainant to the Superior Court: Catts v. Catts, 35 Pa. Superior Ct. 293. Thereupon, March 17, 1908, the appellant presented a petition to the court below asking for the same relief, and on April 21, 1908, the court refused to grant a rule on the petition. The appellant then took this appeal and complains first, that the court should

have granted a rule on her last petition to open the decree, and second, that the court should have heard testimony on the first application on the question of the falsity of the evidence offered by the complainant in support of his application for divorce. Both of the applications to which exception is taken involved the exercise of a sound discretion by the trial court. The last application to reopen the case was merely a renewal of the former petition, with the added proposal to offer evidence to contradict the testimony of the complainant taken in that proceeding. It was in effect a motion for a new trial on the ground of after-discovered testimony by which it was proposed to contradict a witness who testified in behalf of the appellee. Such an application should be entertained with great caution, as was said in Gazzam v. Reading, 202 Pa. 231. It is possible in nearly every case to discover something after the trial which would have been relevant and perhaps important evidence to the losing party, but there would be no end to controversy if a lost opportunity might be recovered by granting a new trial in which the deficiencies of a former trial might be supplied. Such applications can be best considered by the trial court, and it is only in cases of clear abuse of discretion by that court that a refusal of the application is assignable for error: De Grote v. De Grote, 175 Pa. 50; Koch v. Biesecker, 7 Pa. Superior Ct. 37; Reno v. Shallenberger, 8 Pa. Superior Ct. 436.

Nothing is presented which would justify us in declaring that the learned judges of the court below were chargeable with an abuse of discretion in respect to this application.

The same consideration would affect the action of the court in refusing to rehear the case on its merits on the original application of the appellant. The decree was regularly entered and the offer was to introduce evidence nearly two years thereafter to contradict the evidence of the complainant and retry the case. The court was within the limits of a sound discretion in saying, "We will not retry the divorce case now."

The subject of the fifth assignment of error is not raised by the pleadings; no exception was taken to the decree of

divorce, nor was either of the petitions of the appellant for the rehearing based on the allegation that the evidence in the original proceeding was not sufficient to support the decree, and that question cannot now be raised by an assignment of error after the time within which the respondent was required by law to appeal on that ground.

We are not convinced that there was error in the disposal of the case and the appeal is therefore dismissed.