# Clark, Appellant, v. Edwards.

*Equity—Specific performance—Laches—Agreement to assign .judgment—Demurrer—Amendment.*

1. A bill in equity to compel the specific performance of an agreement to assign a judgment will be dismissed on the ground of laches, where it appears that for over eleven years the complainant made no effort to enforce the agreement, made no tender of the amount which he had agreed to pay for the judgment, and that when the defendant in the bill issued a scire facias to revive and complainant was served as terre-tenant, he made no demand for the assignment of the judgment.

2. Where the defendant in a bill in equity has demurred in his answer to the whole bill, he may be permitted to amend by striking out the words "by way of demurrer to the whole bill of complaint." The defense of laches does not fall with such amendment, inasmuch as such a defense may be enforced whether it arises upon the bill and pleadings or upon the whole case as presented by the evidence.

Argued May 6, 1914. Appeal, No. 84, April T., 1914, by plaintiff, from decree of C. P. Indiana Co.,

Dec. T., 1911, No. 3, dismissing bill in equity in case of H. E. Clark v. James Edwards. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Bill in equity for specific performance.

TELFORD, P. J., after formal rulings on requests, found as follows:

We have found that the defendant in this action agreed on the receipt of $125 from the plaintiff, H. E. Clark, to assign to the plaintiff, the judgment in controversy. This judgment was a lien against the equitable interests of D. L. Martin and J. R. Patrick in a certain lot of ground, the legal title being in H. E. Clark, plaintiff. [No tender of payment in accordance with the agreement was, however, made by Clark to Edwards, nor any demand for assignment from the time of the agreement to the filing of this bill, November 10, 1911, a period of about twelve years.] [12]   July 31, 1902, a scire facias to revive this judgment was issued by the defendant in the bill, James Edwards, to Patrick and Martin, of which H. E. Clark had notice. Judgment was entered on said scire facias against Patrick and Martin, July 3, 1907. On this judgment an execution was issued to No. 79, September Term, 1912, and the property levied upon, advertised and costs thereby incurred.

[After the expiration of twelve years or more, without a tender of payment, or demand for an assignment, costs having been in the meantime incurred by the defendant in this action in an effort to secure payment from defendant in the judgment, the plaintiff, H. E. Clark, could not demand specific performance.] [13]

With this view of the case, the plaintiff is not entitled to a continuance of the preliminary injunction, but the bill should be dismissed, and the preliminary injunction dissolved at the costs of the plaintiff, and the pro-

thonotary shall enter a decree nisi in accordance herewith, and give notice to the parties or their counsel.

The court entered a decree dismissing the bill.

*Errors assigned* were (12, 13) above findings, and (15) decree dismissing the bill.

*D. B. Taylor*, for appellant, cited as to the amendment: Barbey's App., 119 Pa. 413; Stegmaier v. Keystone Coal Co., 232 Pa. 140.

*S. M. Jack*, with him *E. Walker Smith* and *Samuel Cunningham*, for appellee.—A stale claim is regarded with disfavor in a court of equity: Holmes's App., 79 Pa. 279; Wetherill's App., 3 Grant, 281.

The statute of limitation is also a bar to this action: Altoona & B. Creek R. R. Co. v. Pittsburg, etc., R. R. Co., 203 Pa. 102; Ridgway's Account, 206 Pa. 587.

Laches for a shorter period than that of the statute may operate, in equity, as a bar: Ashurst's Appeal, 60 Pa. 290; St. Andrew's Lutheran Church's Appeal, 67 Pa. 512; Neeley's Appeal, 85 Pa. 387; Lusk's Appeal, 108 Pa. 152; Penna. R. R. Co.'s Appeal, 125 Pa. 189.

The amendment was at the discretion of the court, and consequently cannot be considered here: Act of May, 1864, P. L. 775, sec. 2.

OPINION BY TREXLER, J., October 12, 1914:

The plaintiff contracted by parole to sell certain real estate to Patrick and Martin, who under the agreement took possession and made improvements. Edwards, the defendant, obtained a judgment against the equitable interest of Patrick and Martin; subsequently arrangements were made by the parties in interest that Edwards and another judgment creditor should sell their judgments to Clark and the latter was to receive a, reconveyance of the property from Patrick and Martin

who were to be relieved of the payment of the judgments. The judgment of Edwards was to be assigned to Clark on receipt of $125, a sum much less than its face value. In accordance to the agreement Patrick and Martin reconveyed the property to Clark but Edwards failing to assign the judgment, Clark gave Patrick and Martin a bond indemnifying them against the payment of said judgment.

Edwards having issued execution against Patrick and Martin, Clark seeks relief by a bill in equity wherein he prays for specific performance of the contract to assign the judgment and that Edwards be restrained from proceeding any further in the collection of the judgment. The above facts as set forth in the plaintiff's bill may be regarded as verity, the court having so found. It appears, however, that for eleven years Clark made no effort to enforce the contract which he had with Edwards and made no tender of the amount agreed upon, and when Edwards issued a scire facias to revive the judgment and Clark was served as terre-tenant, he made no demand for the assignment of the judgment. The court dismissed the bill on the ground of laches.

Courts of equity are for the vigilant, not for those who sleep on their rights. It is a well-recognized principle that one may sleep upon his right until he loses it and courts of equity will withhold their relief from those who have delayed the assertions of their claims for an unreasonable length of time: Good v. Queens Run Fire Brick Co., 224 Pa. 496. Nothing can call a court of equity into activity but conscience, good faith, and reasonable diligence: Tozier v. Brown, 202 Pa. 359; Youse v. McCarthy, 51 Pa. Superior Ct. 306. These principles may be applied in some cases even where the period of limitation provided by the statute has not run. Where, however, the bar of the statute would prevent recovery at law, equity will recognize it by analogy: Todd's App., 24 Pa. 429; Bank of Gettysburg

v. Thompson, 3 Grant, 114; Penna. R. R. Co.'s App., 125 Pa. 189; Watt's App., 78 Pa. 370.

The learned trial judge committed no error in applying these well-established rules and in denying the plaintiff the relief which he sought.

The defendant in his answer demurred to the bill. As was said in Barbey's App., 119 Pa. 413, under equity rule No. 31, a defendant is permitted to answer part of the bill and demur to part, but he may not answer and demur also to the whole bill or to the same part of it. The defendant in his answer violated this rule, but before hearing was had, asked leave to amend the answer by striking out the words, "by way of demurrer to the whole of the bill of complaint." The court allowed the amendment. This was a matter within the discretion of the court and we cannot see that any harm was done to the plaintiff by its action: Rickett's App., 21 W. N. C. 229. The plaintiff argues that the demurrer having been stricken out the defense of laches falls with it. We cannot assent to this proposition. It is true that where the bill on its face shows that an application of the bar of the statute of limitation is evident, the matter can be raised by demurrer, but the objection may also be taken by way of answer and relied on as a defense. The authorities indicate that either way is open to the defendant: Story's Equity Pleadings, sec. 751; Story's Equity Jurisprudence, secs. 55 and 529; Hayes' App., 113 Pa. 380. The defense of laches may be enforced in proper cases wherein the facts appearing call for it, whether they arise upon the bill and pleadings or upon the whole case as presented by the evidence. The court will often take notice of it even though the objection is not made by the parties: Beach's Modern Eq. Prac., sec. 358; Good v. Queens Run Fire Brick Co., 224 Pa. 496.

There are other assignments of error which we need not discuss in detail; they are objections to the findings of facts by the learned court below. The findings are all

sustained by the testimony. Furthermore, the fact that the plaintiff for eleven years failed to assert his rights cannot be controverted, and the decision of the court that he was guilty of laches, and therefore not entitled to equity relief, needs only that fact to support it.

Decree affirmed.