## Brener, Appellant, *v.* Philadelphia et al.

Argued October 1, 1931. Before FRAZER, C. J., WALL-
ING, SIMPSON, KEPHART, SCHAFFER, MAXEY and DREW,
JJ.

*Otto Kraus, Jr., Benjamin M. Golder* and *Isaac D.
Levy,* for appellant.—The rule as to what details must
be contained in specifications for municipal contracts
is set forth in the following Pennsylvania cases: Mazet
v. Pittsburgh, 137 Pa. 548; Edmundson v. School Dist.,
248 Pa. 559; Ryan v. Ashbridge, 10 Pa. Dist. R. 153.
Both of the alleged patents were expressly excluded
from the "Alternate Proposals," leaving the remaining
portion of the 12 pages of detailed description unaf-

fected. Therefore, we contend, there was no excuse for omitting a detailed description of the unaffected parts in the alternate proposals instead of requiring each bidder to guess what the director might determine constituted the same "functions," "operations," "tests" and "capacities": Pearlman v. Pittsburgh, 304 Pa. 24; Harris v. Phila., 283 Pa. 496.

A contract is not lawfully awarded where the bid in numerous respects fails to comply with the alleged specifications: Guthrie v. Armstrong, 303 Pa. 11.

*August Trask Ashton,* City Solicitor, with him *J. Morris Yeakle, G. Coe Farrier* and *Ernest Lowengrund,* Assistant City Solicitors, for appellee.—It is lawful to ask for alternate proposals substantially incorporating by reference complete specifications under an original proposal but omitting patented features included therein: Parker v. Phila., 220 Pa. 208.

The director properly exercised his discretion in awarding the contract: McCallin's App., 1 Monaghan 596.

The court properly exercised its discretion in dismissing the petition for rehearing on a subject already heard and disposed of: Luks v. Blatt, 65 Pa. Superior Ct. 564; Dunlap v. Spiese, 250 Pa. 394; Catts v. Catts, 37 Pa. Superior Ct. 598; Adams v. Hubbard, 227 Pa. 304.

OPINION BY MR. JUSTICE WALLING, November 23, 1931:

This is a taxpayer's bill to enjoin the defendant City of Philadelphia and its officers, etc., from carrying out a contract for the installation of a system of fire alarm boxes. The case was heard upon bill, answer and testimony; therefrom the trial court found the facts favorable to the defendants and, from its final decree dismissing the bill of the plaintiff, Minnie Brener, she brought this appeal.

The record discloses no reversible error. In 1930 the defendant city duly advertised for bids for the fire

alarm boxes and in great detail set out the required specifications, being in all essential particulars a description of the Gamewell fire alarm box. This included two patents. As a result, the only bid submitted was that of the Gamewell Fire Alarm Company of $140 a box. The thing being under patents, the safety director might have accepted this bid (Silsby Mfg. Co. v. Allentown, 153 Pa. 319), but, acting for the welfare of the city, declined it as extravagant and readvertised for bids. This included in items one and two a description, practically, of the Gamewell box and in items three and four called for alternative bids the latter being described in general terms so as to exclude the patented features of the Gamewell box and yet secure a fire alarm box equally serviceable. In response to the request for alternative bids, two were submitted, one by the Eagle Signal Sales Corporation and one by the Horni Signal Manufacturing Company, each for $80 a box. After very full investigation, in which the safety director called to his aid the city's electrical experts, a contract was executed with the Horni Signal Manufacturing Company for the desired fire alarm boxes. This will cost the city approximately $65,000 less than would the acceptance of the Gamewell bid.

The Eagle Company's bid, however, allowed for the old boxes about $3,000 more than that of the Horni Company, prima facie constituting a saving of that amount to the city. Hence, plaintiff contends that the contract should have been awarded to the former. This matter was fully and carefully considered by the safety department and tests were made of the boxes of the rival companies and the conclusion reached that the box of the Horni Company more fully met the city's requirements and, as the trial court found on sufficient evidence, was a better and safer box than the other. Hence, it concluded that, "The Eagle Company was not the lowest responsible bidder because while lower in price its machine was not so suitable for the needs

of the city." The city, having made a full and careful investigation, might, for sufficient cause and in the exercise of a sound discretion, accept as the lowest bid one not the lowest in dollars. It could not, however, do so capriciously without full and honest investigation: Wilson et al. v. New Castle City et al., 301 Pa. 358; Hibbs et al. v. Arensberg, 276 Pa. 24. In Kratz v. Allentown, 304 Pa. 51, we said (page 54): "Where a full investigation discloses a substantial reason which appeals to the sound discretion of the municipal authorities they may award a contract to one not in dollars the lowest bidder. The sound discretion, which is upheld, must be based upon a knowledge of the real situation gained by a careful investigation." As to discretion in awarding municipal contracts, see also McCallin's App., 1 Monaghan 596.

Appellant suggests that the published request for alternative bids was not such as to afford the bidders a common standard. This suggestion is not without force and might be fatal if the thing was a schoolhouse, or sewer pipe, or something capable of standardization, but it was not. The director's position was embarrassing. He was anxious to save the city's money and yet he could not describe a fire alarm box in detail without using one already in existence, which might prevent competition, or by the invention of a new one, which, of course, he was not required to do. He adopted what appears to be the best method by calling for what the city desired in general terms and permitting the manufacturers to submit bids and samples. Under certain circumstances each bidder may be permitted to write his own specifications. See Mazet v. Pittsburgh, 137 Pa. 548. It is worthy of note that no prospective bidder complained of this method or suggested a better one. The request for alternative bids was warranted under the facts of this case. This method is approved in Parker v. Philadelphia, 220 Pa. 208, where Mr. Justice FELL, speaking for the court, says: "Where, as in this case,

the articles to be furnished are protected by patents and a uniform standard is established and any one of several patented appliances meets the requirements of the specifications, the asking for bids for any or all of them would certainly tend to secure rather than to prevent competition. Where the thing to be furnished can be manufactured by anyone in precise conformity to certain and specific requirements or purchased in an open market at a standard price, there is no valid reason for asking for alternative bids; but where the thing is protected by a patent or cannot be bought in an open market, and anyone of a number of particular kinds fully complies with the established standard, the interest of a municipality will be best served by asking for bids for any or all. The field is equally open to each bidder and the power of a monopoly in the thing is broken. The general custom of long standing has been to require bidders in certain classes of public work to furnish samples of the articles they proposed to furnish, in order that the quality of the sample may be taken into consideration in awarding the contract, thus bringing into competition both the price and the quality of the thing to be furnished. The legality of this custom has not been questioned." In the case just cited, the opinion of Mr. Justice COOLEY, in Attorney General v. City of Detroit, 26 Mich. 263 (a leading case), supporting alternative requests for bids, is cited with approval and in part quoted. See also Mayor, etc., of City of Baltimore v. Flack, 64 Atl. 702.

It is complained that some of the features of the Horni box do not meet the specifications, like painting of the surface, the location of the lightning arrester, etc. These are minor matters, however, and not sufficient to upset the contract.

After the trial court had submitted its findings and conclusions, plaintiff asked the court to reopen the case and permit her to submit evidence relating to the patents on certain features of the fire alarm boxes.

This was a matter largely in the trial court's discretion (Clark v. Edwards, 58 Pa. Superior Ct. 456; Catts v. Catts, 37 Pa. Superior Ct. 598), and the refusal does not constitute reversible error; especially so, as plaintiff's counsel, for the purpose of the trial, had admitted the existence of the patents.

The chancellors made sixteen separate findings of fact, four numbered conclusions of law and the discussion covers five printed pages; which findings, conclusions and discussion embrace every important feature of the case. The chancellors did not separately answer each request of plaintiff for findings and conclusions, nor were they required to do so. See Equity Rule 67; Beistel et al. v. Westmoreland Motor Car Co., 91 Pa. Superior Ct. 343.

It clearly appears that the director was acting in entire good faith and for the best interests of the city. The decree is affirmed and the appeal is dismissed at the cost of appellant.