## Barrows *v.* Allum, Appellant, et al.

Argued March 24, 1949. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON and STEARNE, JJ.

*George I. Bloom,* with him *Harold V. Fergus* and *Acheson, Davidson & Fergus,* for appellant.

*David H. Weiner* and *Samuel Goldfarb,* for appellee.

OPINION BY MR. JUSTICE PATTERSON, April 11, 1949:

This appeal is from a decree cancelling a deed on the ground that it was obtained by fraud.

On January 7, 1941, in settlement of litigation, James Potter and Nannie Potter, his sister, both unmarried, executed a deed conveying to their niece, Miranda Barrows, a tract of land in South Strabane Township, Washington County, Pennsylvania. By agreement, the deed was placed in escrow with the Washington Union Trust Company, to be delivered to Miranda Barrows after the death of both of the Potters, and the escrow agreement was duly recorded on January 22, 1942. A second deed for the property, naming Glenn

Allum as grantee, dated October 14, 1936, was recorded on November 3, 1941, without revenue stamps, and again on May 6, 1944, with revenue stamps. Nannie Potter resided on the premises until it became necessary to remove her to a convalescent home, and thereafter James Potter continued to occupy the premises until November, 1945, when he also removed to a convalescent home.

In June, 1946, Allum demanded that the tenant to whom the Potters had rented the property pay rent to him, claiming ownership of the property, whereupon Miranda Barrows filed this bill in equity to have the deed to Allum cancelled on the ground that it was a conveyance in fraud of her rights. An answer was filed by Allum, denying the averments of the bill, and a separate answer was filed by the Potters, averring that Allum secured his deed from them by fraud, and joining in the prayer of the bill. After hearing, the chancellor filed his adjudication and entered a decree directing that the deed to Allum be cancelled. Exceptions filed by Allum were dismissed, after argument before the court en banc, and a final decree entered. Allum filed a petition for rehearing, which was denied, and this appeal followed.

Disregarding appellant's evidence that he had purchased the property from the Potters in 1936 for a consideration of $1400 as being unworthy of belief, the chancellor found that the Potters first became acquainted with Allum in May, 1941, when they engaged him to repair the roof of their house; that during the course of the repairs Allum learned of the litigation between the Potters and Miranda Barrows and its settlement by execution of the deed and escrow agreement; that shortly thereafter Allum advised the Potters that he had investigated the matter and in October, 1941, persuaded them to sign his deed, which he antedated to Oc-

tober 14, 1936, on the pretext that it was a paper by means of which he would get the property away from Miranda Barrows and return it to the Potters; and that Nannie Potter and James Potter did not understand that they were signing a deed and did not know the date or the contents of the paper which they signed. The chancellor found further that James Potter paid Allum $500 for expenses incurred by him and that no consideration passed from Allum to the Potters.

It is not contended that any of these findings, approved by the court en banc, is unsupported by evidence, or that they do not warrant the decree entered. Appellant's position is that the material findings are based on the testimony of the Potters, and that their testimony, due to infirmity occasioned by advanced age, fails to measure up to the standard of proof required in this type of case. See *Broida v. Travelers Insurance Co.,* 316 Pa. 444, 448, 175 A. 492; *Exton v. Saddler,* 113 Pa. Superior Ct. 476, 173 A. 694.

The findings of the court do not rest on the testimony of the Potters alone. Their testimony as to the details of the execution of the deed to appellant is fully corroborated by their own conduct as well as that of appellant himself. In 1938 the Potters razed the dwelling on the premises and erected a new building, without any objection from appellant. They resided on the property, without interference from appellant, until it became necessary for them to remove to convalescent homes, and thereafter rented the property and collected the rentals. In 1941, a portion of the property was appropriated by the State Highway Department and settlement was made with the Potters as owners, without any claim being made by appellant. Appellant paid no taxes on the property until the year 1944, after the escrow agreement with Miranda Barrows had been recorded. This course of conduct, coupled with other acts of appellant, includ-

ing his failure to record his deed until 1941, is wholly inconsistent with the claim to ownership which he now seeks to assert.

The opinion of the court below states: "There is strong, sufficient and competent evidence to support the chancellor's findings, and they should not be disturbed. . . . In our opinion this is a strong case of fraud . . . The proof of fraud in this case satisfies the court completely." Our review of the entire record, in the light of the assignments of error, leads to no different conclusion.

The hearing was concluded on January 22, 1948, and the adjudication was not filed until more than five months later. Counsel for appellant having indicated at the hearing that he might desire to introduce the testimony or deposition of an additional witness, the chancellor, on March 31, 1948, wrote counsel that he was anxious to write his adjudication and would consider the matter closed unless advised to the contrary. No reply was received by the chancellor and the adjudication was accordingly filed on July 7, 1948. In view of the lapse of time and notice to counsel, appellant may not complain that he was not afforded opportunity for filing requested findings and conclusions, or that the court erred in refusing a rehearing for the purpose of introducing additional evidence which was at all times available. Such matters are peculiarly within the sound discretion of the court below and, in the circumstances, its action will not be disturbed on appeal. See *Brener v. Philadelphia*, 305 Pa. 182, 187-188, 157 A. 466; *Wholeber's Estate*, 320 Pa. 83, 87, 181 A. 479.

Decree affirmed. Costs to be paid by appellant.