423 A.2d 3

**Thomas J. DiCARLO and Anna Mae DiCarlo, husband and wife,**

**v.**

**Donald F. COONEY and Sue A. Cooney, husband and wife.**

Superior Court of Pennsylvania.

Argued Nov. 12, 1979.

Filed Dec. 5, 1980.

John M. R. Ayres, Johnstown, submitted a brief on behalf of appellants.

Marlin B. Stephens, Johnstown, for appellees.

Before SPAETH, HOFFMAN, and VAN der VOORT, JJ.

VAN der VOORT, Judge:

By deed dated March 11, 1963, E. Boyd and Ethel L. Baumgardner conveyed 1.041 acres of ground located in Adams Township, Cambria County, to Thomas J. DiCarlo and Anna Mae DiCarlo, appellees in the case before us. The deed contained the following provision: "It is further under-

stood and agreed between the parties hereto that the Grantors, their heirs and assigns, shall not convey any other property owned by them, of which this is a part, for use as a gasoline service station." On November 15, 1976, the widow of E. Boyd Baumgardner conveyed an addition 103 acres to Sally B. and George W. Stanton, who in turn conveyed 2.415 acres of this land on June 24, 1977 to appellants Donald F. and Sue A. Cooney. The deed to the Cooneys did not mention the covenant contained in the deed to the DiCarlos.

Mr. and Mrs. Cooney constructed and began to operate a grocery store, known as the "E. Z. Shopper," on their land. In March of 1978, gasoline pumps and storage tanks were delivered to the premises. Although the Cooneys were advised by appellees' attorney by letter dated March 14, 1978, that use of the land as a gasoline service station was prohibited by restrictions in the deed to the DiCarlos' land, the Cooneys proceeded to have the tanks and pumps installed. Appellants began selling gasoline from their self–service pumps on June 22, 1978, and appellees filed a complaint in equity to enjoin appellants from continuing the sale of gasoline or other automotive products. The lower court found for appellees, and appeal was then taken to our court.

When a grantor conveys a parcel of ground with a covenant which affects other lands owned by the grantor, and the deed is duly recorded, subsequent purchasers of the grantor's other lands (in the same county) are charged with constructive notice of the covenant. *Finley v. Glenn*, 303 Pa. 131, 154 A.2d 299 (1931). Appellants apparently concede that the covenant affects their land. Their sole argument [1] is that the restriction in the deed to the DiCarlos must be strictly construed, and that, since the restriction prevents use of the land as a "gasoline service station," appellants' use of the land as a grocery store with *self–service* gasoline

1. A point barely mentioned in appellants' brief is that the restriction in question was intended to prevent competition with the DiCarlos. The issue of whether the restriction (the covenant running with the land) violated public policy as a restraint on trade was not raised in appellants' answer to the complaint or in exceptions to the chancellor's findings, and we are therefore precluded from considering it. *Wiegand v. Wiegand*, 461 Pa. 482, 337 A.2d 256 (1975).

pumps is not in violation of the restriction. We cannot agree with appellants.

It is true that a covenant in a deed will not be extended or enlarged by implication. *Ratkovich v. Randell Homes, Inc.*, 403 Pa. 63, 68, 169 A.2d 65 (1961). The construction urged by appellants in the case before us, however, is unduly narrow. To find that the covenant permits self-service gasoline stations connected with grocery stores but prohibits stations that also provide some type of service (whether merely pumping gas for the customer or performing minor repair work) would require us to construe the covenant in a manner clearly not intended by the common grantor. See *Bennett v. Lane Homes, Inc.*, 369 Pa. 509, 513, 87 A.2d 273 (1952). We find that dispensing gasoline from underground tanks by means of self-service pumps constitutes a violation of the deed's prohibition against use of the land as a gasoline service station.[2]

Order affirmed and case remanded to the court below for determination of damages.

---

**2.** In so finding, we note that not all sale of automotive products is prohibited. Many types of stores sell automotive products in addition to their other products, and would not be in violation of the covenant by such sale. Continued sale by the Cooneys of automotive products intended for installation or use by the customer off the premises would not constitute a violation of the covenant.