## Oakwood Park Townhouse Association v. Wideman

*David C. Federman*, for plaintiffs.
*Anthony J. Lumbis*, for defendants.

TOOLE, *J.*, May 26, 1981—This action in equity seeking specific performance concerns a development in Laflin Borough, Luzerne County, Pennsylvania, known as the Georgetown Properties/ Oakwood Park Townhouse Development. The development, consisting of approximately 11.52 acres of land, was originally purchased by defendants, Edmund C. Wideman, III, and Ralph J. Lomma as trustees in 1969. Townhouses were eventually built and by various deeds have been sold to individual owners. Included in every conveyance were numerous covenants and restrictions. One such covenant, No. 7, specifically provided, inter alia:

"7. . . . The Grantor shall cause the Georgetown Properties/Oakwood Park Community Association to be formed for the purpose of providing for the maintenance, management, and preservation of the community consisting of the residents owning property within the area described in the aforementioned survey. The Grantor shall convey to said Community Association, when organized, certain portions of the tract to be used as common areas for

the benefit of the Grantee of other lots within said tract."

The Association was duly formed on November 25, 1975. Thereafter, defendants executed a deed purporting to convey certain portions of the 11.52 acres to the plaintiff Association. Plaintiff Association has refused to accept or record the deed contending that it is not in compliance with the terms or intent of the quoted covenant.

Plaintiff contends that the covenant requires defendants herein to convey to the Association all the property within the development with the exception of those parcels of land on which townhouses are built and yet unsold and those already deeded to individual owners. Defendants, on the other hand, argue that they are only required to convey a portion of the property and contend that their deed of November 25, 1975, which has been refused, is in complete compliance with the covenant.

The matter has been submitted to the court on briefs and stipulated facts.

## DISCUSSION

Defendants contend that the meaning of the covenant, particularly the phrase "certain portions of the tract," is clear and unambiguous. They contend that the phrase "certain portions" simply obliges to convey *some* constituent part of but not all of the tract as contended by plaintiffs. In support of their position, defendants note that the term "certain" has been interpreted to mean "some among possible." In re Mineral Lac Paint Co., 17 F.Supp. 1 (E.D. Pa. 1936); Hammonton Investment and Mortgage Company v. Empire Mutual Fire Insurance Company of Pennsylvania, 387 Pa. 382, 128

A. 2d 73 (1956). We disagree with defendants' conclusion that the meaning of Covenant 7 is clear and unambiguous and we further reject their restricted interpretation of the phrase "certain portions of the tract."

We feel and find that the provisions of Covenant 7 are neither clear nor unambiguous. In such a case, it is our responsibility to make every effort to interpret the language to give effect to the intention of the parties as expressed at the time. As the court stated in Leh v. Burke, 231 Pa. Superior Ct. 98, 331 A. 2d 755 (1974):

"[I]mprecision is not fatal to a covenant in a deed. See, e.g., Mishkin v. Temple Beth El [of Lancaster], 429 Pa. 73, 239 A. 2d 800 (1968); Di Carlo v. Petrillo, 387 Pa. 212, 127 A. 2d 657 (1956). The rule is that if an agreement is not clearly expressed, an effort is made by the Court interpreting the language to give effect to the intention of the parties as expressed at the time. 'Where the language of a deed or a restriction is not clear, then in order to ascertain the intention of the parties its language should be interpreted in the light of the subject matter, the apparent object or purpose of the parties, and the conditions existing when it was made.' Parker v. Hough, 420 Pa. 7, 12-13, 215 A. 2d 667, 670 (1966)."

Viewing the conditions as they existed at the time, the covenant here involved was made, it is apparent that the parties intended to establish a self-contained community, and as such, it was not the intent or desire of anyone upon the sale of the townhouses that defendants would have any further interest in the development here involved. Defendants were interested in selling the town-

houses in accordance with the plan attached to the stipulated facts. It is also clear that the parties intended all the area surrounding the designated townhouses to be common area and, as such, owned and maintained by the Association. Indeed, from the date of its formation to the present time, the Association has been and continues to perform the functions of maintaining the common areas of the entire development. (Finding No. 18) We are satisfied that the intention of the parties was to vest title to the common areas and the responsibility for their maintenance in the Association.

The fact that the covenant refers only to "certain portions" does not detract from our finding and conclusion. The common area of the development consists of all the land shown on the plot plan upon which no townhouses are built and would include driveways, parking lots, lawns, etc. The qualifying phrase "certain portions" describes then what was left or remaining, that is, all parts of the tract which are not owned by individual townhouse owners. It does not mean nor was it ever intended to mean that defendants would be free to select in their absolute discretion any portion of the common areas shown on the plan. Such a construction would be unreasonable and inappropriate.

Taking, then, into consideration the (1) surrounding circumstances, (2) the situation of the parties, (3) the objects they apparently had in view, and (4) the nature of the subject matter, Lipsie v. Dickey, 375 Pa. 230, 234, 100 A. 2d 370 (1953), we make the following

## CONCLUSIONS OF LAW

(1) Covenant 7 requires judicial interpretation.
(2) The deed of November, 1975, tendered to

plaintiff Association is not in compliance with the requirements of Covenant 7.

(3) Plaintiff Association is entitled pursuant to the terms of Covenant 7, to receive a deed to all the common areas of the Georgetown Properties/ Oakwood Park Townhouse Development Tract which consists of all the property within the tract with the exception of those parcels of land on which townhouses are build and/or individuals have deeds.

Accordingly, we enter the following

## DECREE NISI

It is ordered, adjudged and decreed that defendants, Edmund C. Wideman, III, and Ralph J. Lomma, Trustees, convey to Oakwood Park Townhouse Association, Inc., the common areas of the Georgetown Properties/Oakwood Park Townhouse Development Tract, consisting of all the property within the tract with the exception of those parcels of land on which townhouses are built, and individuals have deeds.

It is further ordered, adjudged and decreed that the prothonotary shall notify the parties of the date of filing of this adjudication and if no exceptions are filed within the time period provided by the Rules of Civil Procedure, the decree nisi shall be entered by the prothonotary on praecipe as the final decree.