**Cunningham v. Perloff**

*John Phillip Diefenderfer,* for plaintiffs.
*Christopher B. Chandor,* for defendants.

LUDWIG, *J.,* July 16, 1982—The issues in this equity action concern whether or not a restriction that was required by a municipality to be noted on a subdivision plan constitutes a restrictive covenant running with the land, enforceable regardless of the subsequent decision of this court approving an alternate subdivision plan.

Upon hearing, we found the facts to be as follows:

1. Plaintiffs are John and Carol Cunningham, husband and wife, and defendants are Howard P. and Susan P. Perloff, husband and wife. The parties reside on Carversville Road, Buckingham Township, Bucks County.

2. Plaintiffs' residence is located upon a parcel of ground identified as lot no. 3 in the final plan of lands of David Holman, recorded on August 7, 1972 in the Office of the Recorder of Deeds for Bucks

County, in plan book 899 at page 23, which lot they purchased from David Holman on December 15, 1972.

3. Defendants own lots nos. 1, 2 and 4 on the Holman plan referred to above in paragraph 2, and previously owned lot no. 5 on the same plan, all of which were purchased by them from David Holman on May 29, 1973.

4. The Holman plan, as recorded, subdivided a 30.180 acre tract into six lots, ranging in size from 7.679 acres to 2.962 acres.

5. When the Holman plan was presented for preliminary approval to the Buckingham Township supervisors on May 30, 1972, they required, as a condition of approval, that the plan include the notation, "There is to be no re-subdivision of this tract."[1] Neither of the deeds, to plaintiffs or to defendants, contains the restriction that appears on the face of the plan but both refer to the recorded Holman plan.

6. After purchasing lots nos. 1, 2, 4 and 5, defendants Perloff unsuccessfully applied to Buckingham Township for approval of a re-subdivision of the area comprised of these lots. The township took the position that the restriction on the face of the Holman plan precluded the filing of the application. Thereafter, defendants brought suit in this court to compel such approval: Howard P. Perloff v. Buckingham Township, 76-10067-04-5, in equity, and Howard P. Perloff v. Buckingham Township, 77-

---

1. Defendants attempted to introduce evidence through a then supervisor and David Holman that the plan, as submitted, conformed with all of the township rules, regulations and ordinances. Plaintiffs objected and we deferred ruling. We now sustain this objection. We note, however, that plaintiffs do not argue that the plan as submitted did not in fact comply with the township ordinances.

5623-10-5, in mandamus. In the equity action, this Court through Judge Bodley, now a retired senior judge, dismissed the action because equity did not lie. In the mandamus action, this court, through Judge Mims, directed the township to approve defendants' subdivision plan because the supervisors had failed to file a written decision within the 90-day period as required by The Municipalities Planning Code, §508(3), Act of July 31, 1968, P.L. 805, art. V. §508(3), 53 P.S. §10508(3).

7. On August 23, 1977, upon the commencement of this action, plaintiffs filed a notice of lis pendens upon the entire subdivision but later modified the lis pendens to apply to lots nos. 2 and 4 only.

8. On July 20, 1978, the first Perloff final plan was approved by the Buckingham Township supervisors subdividing lot no. 5 into three parcels, all of which were purchased by Sirus and Puran Zenouzi for $100,000. This plan was recorded on September 19, 1978.

9. On April 24, 1980, the township supervisors approved another final plan, in which a 2.059 acre piece of lot no. 4 of the Holman plan, was split off and described as Perloff lot no. 1, section 2, and the remainder of lot no. 4 was combined with lot no. 2 to form a new 9.449 acre parcel, described as Perloff lot no. 2, section 2. This plan was recorded on May 12, 1980.

10. The existing zoning ordinance requires a minimum lot size of one acre.

11. Plaintiffs have brought this action to enjoin defendants from further subdividing their property in any way other than that provided for by the Holman plan.

This case presents two principle issues. The first is whether a notation of a restriction contained on a recorded subdivision plan is sufficient to give notice

to subsequent purchasers of the restriction. A purchaser is bound by what appears in the appropriate indices of the recorder of deeds office and in the various courts of record having jurisdiction over the land so acquired. Salvation Army Inc. Trustees v. Lawson, 293 Pa. 459, 143 Atl. 113 (1928). See the Act of April 28, 1899, P.L. 123 §1, 21 P.S. §399 providing for the recording of a plan of a subdivided tract and imposing a penalty for the failure to do so. See also Act of July 31, 1968, P.L. 805, art. V, §513, 53 P.S. §10513. Furthermore, when a restriction affects other lands owned by a common grantor and the instrument is duly recorded, subsequent purchasers of the grantor's other lands are charged with constructive notice of the restriction, regardless of whether it appears in their deed. Jones v. Sedwick, 383 Pa. 120, 117 A.2d 709 (1955); Finley v. Glenn, 303 Pa. 131, 154 Atl. 299 (1931). See Reed v. Reese, 473 Pa. 321, 374 A.2d 665 (1977); DiCarlo v. Cooney, 282 Pa. Super. 477, 423 A.2d 3 (1980).

That the restriction here appears solely on the recorded subdivision plan does not take the present case out of the rule. For, "a grantee is chargeable with notice of everything affecting his title which could be discovered by an examination of the deeds or other muniments of title of his grantor." Finley v. Glenn, supra, 303 Pa. at 136, 154 A. at 301. See, Jones v. Sedwick, supra; Branch v. Royal, 48 D.&C. 2d 784 (1969). Cf. Peoples Pittsburgh Trust Co. v. McKinley Gregg Auto Co., 353 Pa. 110, 44 A.2d 295 (1945). Therefore, the present notation constituted sufficient notice to the parties of the disputed restriction.

The second issue is whether the restriction in question is a valid restrictive covenant enforceable by the plaintiffs. Generally, a person has a right to

use his home or property in any way he desires provided the use does not violate any deed restriction, law, or zoning ordinance, or in some manner create a nuisance. Sandyford Park Assoc. v. Lunnemann, 396 Pa. 537, 152 A.2d 898 (1959). In determining the scope of a restrictive covenant, certain well settled principles, consistent with the public policy of encouraging the lawful use of property, are to be applied. See Ratkovich v. Randell Homes, Inc., 403 Pa. 63, 169 A.2d 65 (1961). These principles are summarized in Jones v. Park Lane For Convalescents, Inc., 384 Pa. 268, 120 A.2d 535 (1956).

Restrictions on the use of land are not favored by the law because they are an interference with an owner's free and full enjoyment of his property; that nothing will be deemed a violation of a restriction that is not in plain disregard of its express words; that there are no implied rights arising from a restriction which the court will recognize; that a restriction is not to be extended or enlarged by implication; that every restriction will be construed most strictly against the grantor and every doubt and ambiguity in its language resolved in favor of the owner. 384 Pa. at 272, 120 A.2d at 537. See Miskin v. Temple of Beth El of Lancaster, 429 Pa. 73, 239 A.2d 800 (1968); Rieck v. Virginia Manor Co., 251 Pa. Super. 59, 380 A.2d 375 (1977).

Plaintiffs contend that the "no resubdivision" notation affixed by the original grantor to the subdivision plan constituted a restrictive covenant affecting all future grantees. We disagree. The test for determining whether or not a restriction constitutes a covenant running with the land is the intention of the parties at the time the restriction was imposed. This intention is to be ascertained from the words used in light of the surrounding circumstances, the parties' situation, the objects sought to be attained

and the nature of the subject matter. Parker v. Hough, 420 Pa. 7, 215 A.2d 667 (1966); DeSanno v. Earle, 273 Pa. 265, 117 A. 200 (1922); Appeal of J. C. Grille, Inc., 181 Pa. Super. 456, 124 A.2d 659 (1956).

The evidence here established that the township's supervisors imposed the "no resubdivision" restriction as a condition of their approving the subdivision plan. There appears to have been no intent to create a covenant enforceable in equity by the original grantor or by subsequent grantees. Significantly, in conveying these parcels, Holman did not include the restriction in the deeds, nor was the restriction as shown on the plan phrased in the customary wording of a covenant, expressing an intent that it run with the land. See Ladner on Conveyancing in Pennsylvania §904(h)(2) p. 21 (4th ed. 1979) as to recommended language for creating covenants. Generally, a restrictive covenant appears in a deed of conveyance or a declaration of restrictions. Here, the evidence suggests that the restriction as noted on the subdivision plan was no more than an agreement, or personal convenant, between Holman and the township. See DeSanno v. Earle, supra. Therefore, the enforceability of the restriction was solely within the power of the township.[2] Plaintiffs' request for injunctive relief cannot be sustained.

Plaintiffs' claim for their attorneys' fees must also fail. Under 42 Pa. C.S. §2503(7), we are empowered to include as taxable costs a litigant's counsel fees "as a sanction against another participant for dilatory, obdurate, or vexatious conduct during the pen-

---

2 In light of Judge Mims' decision mandamusing the approval of the Perloff plan, the township's power to enforce the restriction has now, apparently, been extinguished.

dency of a matter." We do not find that defendants' conduct in this lawsuit should be so categorized. Moreover, since we agree with defendants' position on the central issues of this case, we have not taxed any costs against them.

We conclude as to the law:

1. The notation appearing on the Holman subdivision plan constituted notice to subsequent purchasers of the property subject to the plan.

2. The restriction against further subdivision, imposed as a condition of subdivision plan approval, is an agreement between Holman and the township and is not a restrictive covenant running with the land.

3. The restriction is not enforceable by plaintiffs.

4. Plaintiffs are not entitled to an award of attorneys' fees against defendants under 42 Pa. C.S. §2503(7).

## DECREE NISI

And now, this July 16, 1982, plaintiffs' request for injunctive relief is denied. The prothonotary is directed to enter this as a final decree unless exceptions are filed within 20 days. Costs on plaintiffs.